IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AUDREY D. DAVIS-BROWN | * | |
| | * | |
| v. | * | Civil Action No. JKS 13-3319 |
| | * | |
| SCOTT MANAGEMENT, INC. | * | |
| | * | |
| | * | |
| | * | |

## MEMORANDUM OPINION

Presently pending is Defendant's Renewed Motion for Summary Judgment. ECF No. 27. The issues have been fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the reasons set forth below, Defendant's motion will be granted.[1]

## 1. Undisputed Facts.

This case arises out of an incident that occurred on June 15, 2011 on the grounds of Oakcrest Towers Apartments in Prince George's County, managed by Defendant, Scott Management, Inc. ECF No. 2 at 1. Plaintiff, Audrey D. Davis-Brown, tripped and fell over a heavy-duty water hose that was stretched across the front entranceway of the apartment building. ECF No. 29-1 at 1. Plaintiff testified that, "for the years that I've been [at the apartment building]," she had noticed that "the hose would run from inside the building out the door." ECF No. 27-5 at 2. On the day of her fall, she first noticed the hose as she approached the building on her way back from dropping her grandson off at a bus stop. ECF No. 29-1 at 1. As she walked closer to the front entrance, she saw a female worker adjusting the hose in the doorway. *Id.* When she was four or five feet from the door, the female worker was no longer at the door, but the hose was still there. Plaintiff took a high step over the hose so she could make sure that the

---

[1] Plaintiff's opposition to Defendant's motion for summary judgment was mistakenly docketed as a counter motion for summary judgment. ECF No. 29. To be clear, that paper and corresponding docket entry will be denied as a result of this ruling.

worker was not still adjusting it.  ECF No. 27-5 at 1, 3.  "I took a high step with my right foot over the hose, and just as I brought the left foot up, I was clipped, and I felt the hose taught [sic] between the legs, and I was made to fall."  *Id.*  Plaintiff claims severe and permanent injuries as a result of the fall.  ECF No. 29-2.

**2.  Standard of Review.**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 343, 347 (1986). "For purposes of summary judgment, a fact is material if, when applied to the substantive law, it affects the outcome of the litigation." *Nero v. Baltimore Cnty., MD*, 512 F. Supp. 2d 407, 409 (D. Md. 2007) (citing *Anderson*, 477 U.S. at 248). "Summary judgment is also appropriate when a party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Laura Campbell Trust v. John Hancock Life Ins. Co.*, 411 F.Supp.2d 606, 609 (D. Md. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

A party opposing a properly supported motion for summary judgment bears the burden of establishing the existence of a genuine issue of material fact. *Anderson*, 477 U.S. at 248-49. "When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial." *Bertrand v. Children's Home*, 489 F. Supp. 2d 516, 518 (D. Md. 2007) (citing Fed. R. Civ. P. 56(e)). "The facts, as well as the

justifiable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party." *Id.* at 518-19 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). "The court, however, cannot rely upon unsupported speculation and it has an affirmative obligation to prevent factually unsupported claims and defenses from proceeding to trial." *Id.* at 519 (citing *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

**3. Discussion.**

Defendant argues that summary judgment is warranted because (1) it had no duty to warn Plaintiff of an open and obvious condition and (2) Plaintiff was contributorily negligent in failing to exercise due care for her own safety. ECF No. 27-1 at 6, 9. Plaintiff responds that the danger was not open and obvious because she should not have expected the hose to be pulled as she crossed over it, and that contributory negligence is a question for a jury to decide. ECF No. 29 at 5, 7.

    **a. Open and Obvious Condition.**

A property owner owes a duty to warn of hidden dangers, but not open or obvious dangers. *Ramseur v. United States*, 587 F. Supp. 2d 672, 684 (D. Md. 2007) (citing *Yaniger v. Calvert Bldg. & Constr. Co.*, 183 Md. 285, 288 (1944)); *see also Coleman v. United States*, 369 F. App'x 459, 462 (4th Cir. 2010) ("[I]t is well established under Maryland Law that an invitee who is harmed by an open and obvious condition is ordinarily not entitled to any recovery for his injuries."). In *Ramseur*, the plaintiff was a customer attending a presentation in the conference room of a United States Post Office branch. 587 F. Supp. at 675. While exiting the room, the plaintiff tripped over a perforated mat on the conference room floor when the high heel of her shoe accidently slid into one of the perforations in the mat. *Id.* The plaintiff testified that she did

not look down and did not notice the mat as she exited the conference room. *Id*. at 684. The court found that "[t]here is no doubt that the perforated mat was open and obvious," noting that Ms. Ramseur made a diagram at her deposition "depict[ing] the mat as prominent in the conference room." She also "testified that the perforated mat was 'in the middle of the floor' . . . indicating [that] the mat was not in an obscure or hidden location." As reasoned by the court, "'the invitee has a duty to exercise due care for his or her own safety,'" and this "'includes the duty to look and see what is around the invitee.'" *Id.* (quoting *Tennant v. Shoppers Food Warehouse*, 115 Md. App. 381, 389 (1997)). Here, of course, the hose was clearly open and obvious, because Plaintiff saw it before she tripped on it.

In *Pfaff v. Yacht Basin Co., Inc.*, 58 Md. App. 348 (1984), the plaintiff was injured falling out of a pickup truck parked on the upper tier of a two-tier parking lot. *Id.* at 351-52. The plaintiff testified that he knew that the lot was two-tiered and did not have guardrails before he climbed into the back of the truck and attempted to crawl out of the truck backwards. *Id.* The court upheld summary judgment in favor of the defendant, citing the plaintiff's admission that, although he was aware of the danger before him, he chose to exit his vehicle from the rear, not looking in the direction he was moving "in complete disregard of the condition he now argues was a dangerous one." *Id.* at 356.

Similarly, in *Coleman v. United States*, 369 F. App'x 459 (4th Cir. 2010), a pedestrian stepped on a piece of loose gravel on the sidewalk. The court concluded that the loose debris was an open and obvious condition, noting that "[i]t cannot be overstated that Coleman was also very familiar with the Post Office, as he had visited it at least once or twice a week for the past eight years" and "on prior visits to the Post Office, he had noticed the debris on which he slipped

and fell." *Id.* at 462-63. Thus, "the open and obvious nature of the risk, if any, posed by the debris negated USA's duty to warn or protect Coleman against it." *Id.* at 463.

*Frostbutter v. Bob Evans Farms, Inc.*, Case No. CBD 12-2388, 2013 WL 4026985 (D. Md. Aug. 6, 2013), is an example of a condition that was not open and obvious. There, the plaintiff tripped on a curtain hanging underneath the sink in the woman's restroom of a restaurant. The court distinguished *Pfaff*, stating that it was "not convinced that the curtain constituted an open and obvious danger as a matter of law" because it was not clear that a reasonably prudent person "would appreciate the length of the curtain and the danger of stepping too closely to it." *Id.* at *10. The court noted that in *Pfaff* "the danger of falling was readily apparent," and "unlike the plaintiff in *Pfaff* who crawled backwards out of the back of his truck bed, Plaintiff here did not voluntarily confront the danger." *Id.* Here, in contrast, Plaintiff was aware not only of the hose but also of the possibility that it would be adjusted.

Based on *Ramseur*, *Pfaff*, and *Coleman*, this hose was an open and obvious condition. Plaintiff saw the hose not only before tripping over it, but also routinely over the years. Her attention was focused on the hose, she understood and appreciated the potential danger associated with the hose, and voluntarily chose to confront that potential danger.

Plaintiff's argument that the danger was not open and obvious because she could not have foreseen that the maintenance worker would pull on the hose is belied by her deposition testimony. Plaintiff knew that part of the danger associated with the hose was the chance that the maintenance worker might suddenly pull on it. *See* ECF No. 27-5 at 3 ("I thought okay, [I] better make sure that [the worker's] not still adjusting that [hose] when I go over it.").

Plaintiff also argues that the employee "did not exercise reasonable care by leaving the hose at the doorway and not alerting patrons of the danger." ECF No. 29 at 6. However, as

previously noted, there is no duty to warn of an open and obvious danger. Plaintiff admits that she was aware of both the hose and that the worker was handling it. Thus, the hose was an open and obvious obstacle that an invitee exercising ordinary care would have avoided. *See also Smith v. Fed. Cleaning Contractors, Inc.*, 126 F. App'x 672, 674-75 (5th Cir. 2005) (concluding that a "hose laying on the ground outside a shopping mall, clearly visible to anyone walking in the vicinity, does not pose an unreasonably dangerous condition," especially when (1) the plaintiff admitted that she saw the hose before she fell and (2) a hose running across an entranceway of a mall "is a normal business practice that customers would normally expect to encounter on the shopping mall's premises"); *Gellerman v. Shawan Rd. Hotel Ltd. P'ship*, 5 F. Supp. 2d 351, 354 (D. Md. 1998) (holding that an expansion joint located in a small space between a curb and a sidewalk was open and obvious as a matter of law); *Bishop v. Lowe's Home Centers, Inc.*, 32 F. App'x 687, 688-89 (4th Cir. 2002) (concluding that a cart placed between two riding mowers in a department store is an open and obvious danger because "the cart was clearly visible to an attentive customer" and the plaintiff "failed to adequately examine the floor area where the cart was located prior to tripping over the cart").

    **b. Contributory Negligence.**

In view of the grant of summary judgment on the basis that the condition was open and obvious, it is not necessary to address contributory negligence. However, it provides an alternate basis for summary judgment. Contributory negligence is a complete defense in Maryland. *Ramseur*, 587 F. Supp. 2d at 685; *Wooldridge v. Price*, 184 Md. App. 451, 461 (2009). "The defendant bears the burden of demonstrating by a preponderance of the evidence that plaintiff's own negligence was a cause of plaintiff's injury." *Ramseur*, 587 F. Supp. 2d at 685. "When there is an appreciable danger present, invitees must take proper precautions for their own safety

consonant with what would be foreseeable to a reasonably prudent person." *Frostbutter*, 2013 WL 4026985, at *8) (citing *Kassama v. Magat*, 136 Md. App. 637, 658 (2001)).

The question whether the conduct of a business invitee constitutes negligent inattention to surroundings is a highly fact-specific question that often should be left for the jury. *Id.* (citing *Diffendal v. Kash & Karry Serv. Corp.*, 74 Md. App. 170, 175 (1988)). The issue of contributory negligence may be decided as a matter of law only when the evidence shows "'some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds.'" *Wright v. Hixon*, 42 Md. App. 448, 455 (1979) (quoting *Baltimore & O.R. Co. v. Plews*, 262 Md. 442, 454 (1971)); *see also Frostbutter*, 2013 WL 4026985, at *8 ("Only when 'it is clear that any person of normal intelligence in his position must have understood the danger' should the issue be resolved by the court.") (quoting *Pfaff*, 58 Md. App. at 355).

In *McManamon v. High's Dairy Products Corp.*, 230 Md. 370 (1963), the plaintiff entered a grocery store, noticed that the floor in front of the milk refrigerator was damp, "walked slowly towards the refrigerator door because she was pregnant, opened the door, got out a bottle of milk, turned around, took one step and, when she 'went to take the next one,' fell down." *Id.* at 372. The court concluded that the plaintiff was contributorily negligent as a matter of law because she was aware of the danger of walking on the damp floor in her condition. *Id.* In the words of the court, "she chose to walk on the treacherous surface in order to wait on herself and, in so doing, became the author of her own misfortune." *Id.* "In such [a] case she cannot charge another with her damages" because "[o]ne is charged with notice of what a reasonably and ordinarily prudent person would have foreseen and so must foresee what common experience tells may, in all likelihood, occur, and to anticipate and guard against what usually happens." *Id.*

Similarly, in *Craig v. Greenbelt Consumer Servs., Inc.*, 244 Md. 95 (1966), the plaintiff slipped and fell in a pile of sawdust that had been placed on the ground to soak up the moisture left behind from mopping up a bottle of spilled milk. *Id*. at 96. The court concluded that Plaintiff was contributorily negligent because she saw the sawdust and "knew it to be slippery, yet she, without hesitating to plan her course, intentionally walked into the sawdust [even though] she had a reasonable alternative of walking on the section of the aisle which was clear." *Id.* at 97-98. The court reasoned that "[a] party cannot walk upon an obstruction which has been made by the fault of another and avail himself of it, if he did not himself use common and ordinary caution." *Id.* at 98 (citing *Sutton v. Mayor & City Council of Baltimore*, 214 Md. 581, 584 (1957)).

In *Leatherwood Motor Coach Tours Corp. v. Nathan*, 84 Md. App. 370 (1990), a prospective bus passenger slipped on a piece of gravel on the side of the road while attempting to board a bus. *Id.* at 374-75. The passenger contended that the bus company selected an unsafe place to stop and admit passengers. *Id.* at 371, 380. The court ruled in favor of the bus company, because the plaintiff "had walked on [the road] many times and . . . had experienced difficulty walking on the loose gravel," thus, "whatever risk the uneven ground surface of the shoulder posed to pedestrians or prospective bus riders was well known to [the plaintiff]." *Id.* The court concluded that the plaintiff should have avoided the injury by exercising ordinary care for her own safety. *Id.*

The *Frostbutter* court addressed contributory negligence as well, rejecting the defendant's argument that plaintiff was contributorily negligent for tripping on a bathroom curtain. The court, once again distinguishing *Ramseur* and *Pfaff*, reasoned:

> While Defendant highlights the fact that Plaintiff knew that there was a curtain below the sink before the incident, it does not provide evidence that Plaintiff

8

> committed any "prominent and decisive act" that contributed to the incident. Construing the facts in Plaintiff's favor, she merely entered the restroom, washed off her glasses, conversed with the customer next to her, and tripped when she turned to exit. Further, in defining her duty of care Plaintiff persuasively analogizes between the restroom and the product display shelves in a retail store.[2] The Court agrees that Defendant could have anticipated that customers' attention would be focused on the sink and mirror and not the curtain below. Finally, Defendant does not identify any specific evidence of carelessness or recklessness on the part of Plaintiff. For this reason this case is distinguishable from *Ramseur*, where the plaintiff was paying so little attention while walking in high heels that she failed to look down and notice a perforated mat on the ground.
>
> [Moreover, the curtain in this case is] distinguishable from the parking-lot precipice in *Pfaff*, where the danger of falling was readily apparent. [U]nlike the plaintiff in *Pfaff* who crawled backwards out of the back of his truck bed, Plaintiff here did not voluntarily confront the danger. Therefore, it must be left to the jury to decide whether Plaintiff acted with reasonable and ordinary care . . . .

*Id.* at *9-10.

Here, the facts are distinguishable from *Frostbutter* and consistent with *Ramseur*, *Pfaff*, *McManamon*, *Craig* and *Leatherwood*. Plaintiff saw the hose before she fell as well as on a regular basis prior to the day of the incident, and although she recognized the danger associated with a hose lying across an entranceway, chose to voluntarily confront that danger. "Where an invitee knows of a dangerous condition and appreciates the risk involved, yet, nevertheless, voluntarily chooses to negotiate them, he will be barred from recovering for the risk he chose to assume." *Pfaff v. Yacht Basin Co.*, 58 Md. App. 348, 355 (1984) (citing *Lloyd v. Bowles*, 260 Md. 568 (1971)). Plaintiff had a duty to "foresee what common experience may, in all likelihood, occur, and to anticipate and guard against what usually happens." *McManamon*, 230 Md. at 372. This duty includes an obligation "to look and see what is around the invitee." *Ramseur*, 587 F. Supp. 2d at 684-85 (concluding that a plaintiff was guilty of contributory

---

[2] *See Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 387 (1997) ("The storekeeper expects and intends that his customers shall look not at the floor but at the goods which he displays to attract their attention and which he hopes they will buy. He at least ought not to complain, if they look at the goods displayed instead of at the floor to discover possible pitfalls, obstructions, or other dangers . . . .").

mistake

negligence because "[a] reasonable person, wearing high heels, would at least glance briefly to the floor to ensure no objects pose a hazard or are an obstacle"); *see also Bishop v. Lowe's Home Centers, Inc.*, 32 F. App'x 687, 688 (4th Cir. 2002) (holding, under Virginia law, that a person "who trips and falls over an open and obvious condition or defect is guilty of contributory negligence as a matter of law"). Defendant has met its burden of showing that Plaintiff's own negligence was a cause of her injury.

### 4. Conclusion.

The Court will grant Defendant's motion for summary judgment.

Date: November 20, 2014                                         /S/
                                                    Jillyn K. Schulze
                                                    United States Magistrate Judge

negligence because "[a] reasonable person, wearing high heels, would at least glance briefly to the floor to ensure no objects pose a hazard or are an obstacle"); *see also Bishop v. Lowe's Home Centers, Inc.*, 32 F. App'x 687, 688 (4th Cir. 2002) (holding, under Virginia law, that a person "who trips and falls over an open and obvious condition or defect is guilty of contributory negligence as a matter of law"). Defendant has met its burden of showing that Plaintiff's own negligence was a cause of her injury.

### 4. Conclusion.

The Court will grant Defendant's motion for summary judgment.

Date: November 20, 2014                    /S/
                                    Jillyn K. Schulze
                                    United States Magistrate Judge